Dobe, J.
Plaintiff, an importer in Shanghai, China, in October, 1941, appeals from an amended judgment rendered upon a directed verdict on motions of both sides for such verdict, dismissing the complaint for failure of proof, without prejudice, *392 and also from an order denying plaintiff’s motion to reopen the case.
In April, 1941, pursuant to a treaty between the United States and China, a fund was created consisting of United States dollars known as “ The Exchange Stabilization Fund ”. To control this fund and the rate of exchange there was also established a board known as “ The Stabilization Board of China ” (hereinafter “ the Board ”), an agency of the Chinese Government.
This whole transaction of international exchange, which resulted in a credit of 7,000 United States dollars in New York for the account of defendant bank, Shanghai office, and made available for the latter a letter of credit in that amount to pay for plaintiff’s imports into China, was initiated, carried on and completed in China through the agency of the Board. At the outset plaintiff filed an application for the Board through the bank on a form supplied by the Board to acquire dollars and pay for the imports it desired to make. In the application plaintiff expressly agreed that payment for the merchandise would be made in the United States “ Under L/C [letter of credit] through the Hongkong & Shanghai Banking Corp. at Shanghai & New York ” and “ unconditionally ” agreed “ to resell to the Bank at the rate at which purchased any or all of the aforementioned foreign exchange acquired pursuant to this application in the event that the foreign exchange herein applied for is subsequently found not to have been used for the purpose of financing imports as described herein. ’ ’ That application is dated at Shanghai, October 15, 1941. Defendant bank in turn agreed to resell the credit back to the Board at the same rate.
Concededly, war intervened, the merchandise was never' shipped from the United States and the letter of credit expired unused.
The United States dollars plaintiff in this action seeks to get back from defendant bank here were a credit created by the Board from its own funds on November 21, 1941, and not by the funds or the credit of plaintiff. It was not until December 3, 1941, twelve days after the Board had opened the credit here in New York that plaintiff paid defendant at Shanghai 132,544.38 Chinese dollars, the then equivalent of the 7,000 United States dollar credit opened here by the Board. Pursuant to the instructions of the Board, defendant at Shanghai converted the Chinese dollars into the form of actual currency and was compelled to and did deposit that currency in the bank’s vaults in accordance with the instructions of the Board as a prescribed depository of the Board.
*393 During the war, defendant’s branch in Shanghai was taken over and liquidated by the Japanese who seized defendant’s assets.
The Board notified all banks during the war of its claim to funds furnished and not used. The Board went out of existence officially on March 31,1944, and the following day, April 1,1944, the Central Bank of China took over as trustee to administer the Board’s funds including its claims against appointed banks, one of which was this defendant.
On February 12, 1946, the Central Bank of China notified all appointed banks including defendant that foreign currencies held by them in the names of importers representing exchange' provided by the Board prior to December 8, 1941, in respect of which the goods were never imported into China, must not be dealt with pending further examination of the affairs of the Board and of those accounts. This defendant bank, as one of the appointed banks, has thus been forbidden to deal in this account in any way whatever subject to further orders of the Central Bank of China as trustee and successor of the Board.
Plaintiff now seeks an order of this court to compel defendant forthwith to pay plaintiff the 7,000 United States dollars on the theory of money had and received. This was a Chinese transaction in its inception and completion and on this record the Board’s regulations are applicable. On this record it also appears that the funds were blocked and payment could not safely be made by defendant bank to this plaintiff until the authorities through whom both parties originally dealt release the bank from any reasonable claim.
From the date of the transaction in 1941 until 1945, the Second World War and seizure of the bank and its assets by the invading Japanese forces prevented settlement of this matter. Plaintiff sued the bank here in November, 1946. The trial was had in December, 1947. This appeal was argued in April, 1949, and is being decided in June, 1949. Since the trial in 1947, Shanghai has again fallen to other invading forces. Defendant’s Shanghai branch may have again been seized or closed. If these new invading forces establish a Chinese government and take over the Bank of China, new and other issues will be presented on the retrial including the surviving effect, if any, of the Board’s regulations or the effect of regulations that any successor bank may make. At that time it may be made clear that defendant bank no longer faces reasonable danger of a double liability if it settles the account with plaintiff. In spite of all the changes *394 that have happened, since this transaction in Shanghai in 1941, if defendant bank has or should have in its possession or to its credit the proceeds of the payment made by plaintiff to its Shanghai branch and it is shown on retrial that there is no then real danger of double liability, a decree can be made properly protecting the rights of both parties. On retrial perhaps it would be well to develop more in detail the nature and extent of the seizures by the invading forces so far as they relate to the deposit here in question.
The bank has not repudiated any debt or liability it may have to plaintiff for the deposit of the Chinese dollars made in • Shanghai in 1941. It resisted payment at trial because of a reasonable fear of double liability by reason of the agreements that it made with the Board when the credit was originally procured. All we now hold is that at the trial the proof was insufficient to justify then payment to plaintiff.
Defendant should not be exposed to the double liability to which a present decree on the basis of this trial record in plaintiff’s favor may subject it. The final decision and judgment of the trial court was not on the merits but dismissed for failure of proof “ without prejudice ”.
The judgment and order appealed from should in all respects be affirmed, with costs to defendant.